# UNITED STATES DISTRICT COURT DISTRICT OF NH
# DISTRICT OF NEW HAMPSHIRE

2021 MAY 12 P 10: 35

STEVEN DOMINIC and
ESTATE OF ELAINE DOMINIC

    Plaintiffs

           v.

BANK OF NEW HAMPSHIRE, LACONIA
SAVINGS BANK, CHRISTOPHER J. LOGAN,
ANN V. GOLDMAN, STEPHEN R. GOLDMAN,
ANN V. GOLDMAN REVOCABLE TRUST of 2012,
GOLDMAN & LeBRUN Professional Association,
PATRICIA A. JARVIS, JAMES J. BIANCO, Jr.,
BIANCO PROFESSIONAL ASSOCIATION
Attorneys at Law, BIANCO LAW FIRM PLLC
CONCORD HOSPITAL INC, WILLIAM GARDNER
UNA FOLAN, CAROL A. NIEGISH M.D., of CH
HIMMS OFFICERS – 24 DOE PARTIES, AT CH
FRANKLIN SAVINGS BANK,   DEAN CHASE,
RONALD MAGOON, JONATHAN WINTERS,
CHARLES W. CHANDLER, MICHAEL BEAN,
PROVIDENT BANKCORP, INC., FDIC
DAVID P. MANSFIELD,  PATRICIA KINGWILL,
BEAN GROUP TITLE & ESCROW, LLC,
MORRISON MAHONEY LLP, LINDA M. SMITH,
EDWIN F. LANDERS, Jr.,  GLENN A. PERLOW
N.H. BANKING DEPARTMENT,
GERALD H. LITTLE, EMELIA GALDIERI,

    Defendants

Case No. _____

VERIFIED COMPLAINT

DEMAND JURY TRIAL

REQUEST

EXPEDITED REVIEW

RICO CLAIMS

INJUNCTIVE RELIEF

2 - INTERIM TRO'S

EXPEDITE SCHEDULE

## **COMPLAINT**

## PARTIES

1. Plaintiff, Steven Dominic (Steve or Mr. Dominic) was born in New Hampshire and is a citizen of the United States. He has been a resident of New Hampshire at all relevant times. He is the sole beneficiary of his mother Elaine Dominic's (Elaine) Estate. Mr. Dominic resides at 21 North Water Street, Boscawen, New Hampshire. His mailing address is 36 East Main Street #600, Warner, New Hampshire, 03278, telephone number 603-796-2107.

2. Plaintiff, Estate of Elaine Dominic, Elaine Dominic (Elaine) was born in the state of New Hampshire, on May 5, 1929 and had always been a resident of New Hampshire and a United States Citizen. Elaine was a permanent resident of Boscawen, New Hampshire, where she resided since 1958, until her death on November 8, 2016.

3. Defendant, Stephen R. Goldman (Attorney Goldman) is believed to be an Attorney at Law practicing or has practiced law at Bianco Professional Association Attorneys at Law (Bianco PA). Attorney Goldman's, personal address is 22 Dwinell Drive, Concord, New Hampshire, 03301. Legal Counsel is Attorney Linda M. Smith, of Morrison Mahoney LLP. 1001 Elm Street, Suite 304, Manchester, NH 03101, phone 603-622-3400. And Edwin F. Landers, Jr., of Morrison Mahoney LLP, 250 Summer Street, Boston, MA 02210, phone 617-439-7583. Attorney Goldman is being sued personally in his individual capacity.

4. Defendant, Ann V. Goldman (Ann Goldman) Ann Goldman's, personal address is 22 Dwinell Drive, Concord, New Hampshire, 03301.

2

5.  Defendant, Ann V. Goldman Revocable Trust of 2012, believed to located at 22 Dwinell Drive, Concord, New Hampshire, 03301.

6.  Goldman & LeBrun Professional Association, formerly of 46 N. State Street, Concord, NH whose mailing address was PO Box 660, Concord, NH 03302.

7.  Defendant, Patricia A. Jarvis, whose address is 107 Green Street, Nohwood, NH 03261. . Legal Counsel is Attorney Linda M. Smith, of Morrison Mahoney LLP. 1001 Elm Street, Suite 304, Manchester, NH 03101, phone 603-622-3400.

8.  Defendant, James J. Bianco Jr. (Attorney Bianco), is believed to be an Attorney at Law in New Hampshire.  He has been a Lobbyist and practiced law in the Courts of New Hampshire for more than 20 years through his firm Bianco PA.  Attorney Bianco's personal address is believed to be 40 Olde English Lane, Gilford, New Hampshire. Through his Attorneys, Linda M. Smith, of Morrison Mahoney LLP. 1001 Elm Street, Suite 304, Manchester, NH 03101, phone 603-622-3400.  And Edwin F. Landers, Jr., of Morrison Mahoney LLP, 250 Summer Street, Boston, MA  02210, phone 617-439-7583. Defendant Attorney Bianco is being sued personally.

9.  Defendant, Bianco Law Firm PLLC (Bianco Law), of 18 Centre Street, Concord, New Hampshire, 03301.  Being represented through their Attorneys, Linda M. Smith, of Morrison Mahoney LLP. 1001 Elm Street, Suite 304, Manchester, NH 03101, phone 603-622-3400.  And Edwin F. Landers, Jr., of Morrison Mahoney LLP, 250 Summer Street, Boston, MA  02210, phone 617-439-7583.

10. Defendant, Bianco Professional Association Attorneys at Law (Bianco PA), of 18 Centre Street, Concord, New Hampshire, 03301, is a fictitious entity unregistered to

transact a law firm in New Hampshire. Attorney Bianco and Attorney Goldman

collectively (B & G) are believed to be associated with and practicing law at Bianco PA.

Through their Attorneys, Linda M. Smith, of Morrison Mahoney LLP. 1001 Elm Street,

Suite 304, Manchester, NH 03101, phone 603-622-3400.

11. Defendant, Concord Hospital, Inc. (CH) principal address is 250 Pleasant Street,

Concord, NH, 03301. Through its Attorneys Melissa M. Hanlon and Marrielle B. Van

Rossum, of Sulloway & Hollis, PLLC, 9 Capitol Street, Concord, NH, 03301, phone 603-

223-2800.

12. Defendant, Una Folan (APRN Folan)of CH, of 4 Saint Court, Aiken, South

Carolina, 29803. Previously of Concord, New Hampshire. Through its Attorneys Melissa

M. Hanlon and Marrielle B. Van Rossum, of Sulloway & Hollis, PLLC, 9 Capitol Street,

Concord, NH, 03301, phone 603-223-2800.

13. Defendant, Carol A. Niegisch, MD (Dr. Niegisch) of CH, of 17 Surrey Coach

Lane, Bow, New Hampshire, 03304. Through its Attorneys Melissa M. Hanlon and

Marrielle B. Van Rossum, of Sulloway & Hollis, PLLC, 9 Capitol Street, Concord, NH,

03301, phone 603-223-2800.

14. Defendants, HIMMS Officers – 24 Doe Parties of CH. Through its Attorneys

Melissa M. Hanlon and Marrielle B. Van Rossum, of Sulloway & Hollis, PLLC, 9

Capitol Street, Concord, NH, 03301, phone 603-223-2800.

15. Defendants, Franklin Savings Bank (FSB), whose business address is, 387 Central

Street, Franklin, New Hampshire, 03235, telephone number 603-934-4445. Through its

4

Attorney, Frank P. Spinella, Jr., Wadleigh, Starr & Peters, PLLC, 95 Market Street, Manchester, NH  03101, 603-206-7277.

16. Defendant, Ronald M. Magoon, personally a in his capacities as Director, CEO, and Bank President, at FSB, with a business address of 387 Central Street, Franklin, New Hampshire, 03235. Through its Attorney, Frank P. Spinella, Jr., Wadleigh, Starr & Peters, PLLC, 95 Market Street, Manchester, NH  03101, 603-206-7277.

17. Defendant, Charles W. Chandler (Attorney Chandler), personally in his capacity as Bank Director of FSB, with personal address of 400 Swan Hill Road, Warren, New Hampshire, 03279. Through its Attorney, Frank P. Spinella, Jr., Wadleigh, Starr & Peters, PLLC, 95 Market Street, Manchester, NH  03101, 603-206-7277.

18. Defendant, Jonathan J. Winters (Mr. Winters) personally in his capacity as Vice President (VP), as Bank Secrecy Act BSA/AML Security Officer, as information Security Officer formally at FSB.  His personal address is believed to be 54 Sky Meadow Lane, Franklin, NH 03235. Through its Attorney, Frank P. Spinella, Jr., Wadleigh, Starr & Peters, PLLC, 95 Market Street, Manchester, NH  03101, 603-206-7277.

19. Defendant, Bank of New Hampshire (BONH), at 62 Pleasant Street, Laconia, New Hampshire, 03246.  Through its Attorney Matthew V. Burrows, Gallagher, Callahan, & Gartrell P.C., 214 North Main Street, Concord, New Hampshire, 03301.

20. Defendant, Patricia R. Kingwill (Ms. Kingwill) of BONH, individually in her personal capacity as Vice President (VP) of BONH, whose business address, of 167 North Main Street, Concord, New Hampshire, 03301.  Through her Attorney Matthew V.

Burrows, Gallagher, Callahan, & Gartrell P.C., 214 North Main Street, Concord, New Hampshire, 03301.

21. Defendants, Provident Bankcorp, Inc. (Provident Bank), as the Bank Directors and Officers for the Month of July in the year of 2012 individually whose identity is unknown (Provident Defendants or does), business address of 25 Maplewood Avenue, Portsmouth, New Hampshire, 03801, telephone number 877-487-2977.

22. Defendant, David P, Mainsfield, of Provident Bank, business address of 25 Maplewood Avenue, Portsmouth, New Hampshire, 03801, telephone number 877-487-2977.

23. Defendant. FDIC, 1100 Walnut Street, Box #11, Kansas City, MO  64106.

24. Defendant, Bean Group Title & Escrow, LLC (Bean Title), and its Manager Michael Bean, business address of 1150 Sagamore Avenue, Portsmouth, New Hampshire, 03801.  Preti, Flaherty, Beliveau & Pachios, Chartered, PLLP, of 57 North Main Street, Concord, NH  03301, phone 603-410-1525.  Attorney Gregory A. Moffett.

25. Defendant, Michael Bean personally his personal address is believed to be, 236 Gosport Road, Portsmouth, New Hampshire, 03801. Michael Bean is now the Manager of Bean Title. Preti, Flaherty, Beliveau & Pachios, Chartered, PLLP, of 57 North Main Street, Concord, NH  03301, phone 603-410-1525.  Attorney Gregory A. Moffett.

26. Defendant Dean Chase was a Real Estate Sales Agent of Marple & James, Commercial and Residential Sales (now out of business), personal address of 410 Washington Road, Rye, New Hampshire, 03870.  Through his Attorney Matthew R.

Johnson, of Devine, Millimet & Branch Professional Association, 15 North Main Street, Concord, New Hampshire, 03301.

27. Defendant, Morrison Mahoney LLP (MM), 1001 Elm Street, Suite 304, Manchester, NH 03101, phone 603-622-3400.

28. Defendant, Linda Smith of MM, whose business address is 1001 Elm Street, Suite 304, Manchester, NH 03101, phone 603-622-3400.

29. Defendant, Edwin F. Landers, Jr. of MM, whose business address is 250 Summer Street, Boston, MA  02210, phone 617-439-7583.

30. Defendant, New Hampshire Banking Department (NHBD), whose principal place of business is 53 Regional Drive, Suite 200, Concord, New Hampshire, 03301.  Through his Attorney Seth M. Zoracki, Assistant Attorney General, Department of Justice

31. Defendant, Gerald H. Little (Mr. Little) of NHBD individually in his personal capacity as Banking Commissioner of New Hampshire, whose principal place of business is 53 Regional Drive, Suite 200, Concord, New Hampshire, 03301.  Through his Attorney Seth M. Zoracki, Assistant Attorney General, Department of Justice, 33 Capitol Street, Concord, New Hampshire, 03301.

32. Defendant, Emelia A.S. Galdiera (Ms. Galdiera) of NHBD individually in her personal capacity as Deputy Banking Commissioner of New Hampshire, whose principal place of business is 53 Regional Drive, Suite 200, Concord, New Hampshire, 03301. Through her Attorney Seth M. Zoracki, Assistant Attorney General, Department of Justice, 33 Capitol Street, Concord, New Hampshire, 03301.

7

33. Defendant, Glenn A. Perlow of NHBD, through Attorney Seth M. Zoracki, Assistant Attorney General, Department of Justice, 33 Capit ol Street, Concord, New Hampshire, 03301.

## JURISDICTION AND VENUE

34. The United States District Court has subject matter jurisdiction pursuant to 28 USC § 1331. Which provides the District Court's Jurisdiction over civil action arising under the U.S. Constitution or Laws of the United States.

35. Plaintiff Mr. Dominic brings this civil action as a Private Attorney General as is his right pursuant 18 U.S. Code § 1964(c) – civil remedies. Violation of 18 U.S. Code § 1962 may sue therefor in any appropriate United States District Court pursuant 28 USC 1391(b) this district of New Hampshire is appropriate. Plaintiff demands and shall recover threefold the damages plaintiff sustained and costs of suit.

36. Supplemental State Law claims are being brought pursuant to 28 USC 1367(a) so intwined in these matters so related and in the interest of justice and judicial economy. They are appropriate for this court.

## FACTUAL ALLEGATIONS

37. Defendant, Stephen R. Goldman (Attorney Goldman) of Defendant Goldman & LeBrun Professional Association, formerly located at 46 North State Street, Concord, New Hampshire, 03301, acquired an interest in rival law firm, Defendant Bianco Law Firm LLC, and Defendant, Bianco Professional Association Attorneys at

Law (BPA), founded and operated by Defendant James J. Bianco, Jr., located at 18
Centre Street, Concord, New Hampshire, 03301.

     38.    From documents obtained, plaintiff finds on 10/15/2014, the Attorneys
finalized their Memorandum of Understanding (MOU) (Exhibit 2).

     39.    Attorney Goldman began and merged with Attorney Bianco operation on
January 1, 2015.

     40.    Racketeers Bianco Professional Association Attorneys at Law maintain
their illegal clients trust accounts a Laconia Savings Bank (Exhibit 1).  Mr. Dominic has
the original uncashed check.

     41. Laconia Savings Bank is a trade name for Bank of New Hampshire (BONH).

     42. Their MOU exact terms are unknown the MOU provided to U.S. District Court of
New Hampshire was redacted in another Case No. 1:20-cv-00448-PB.

     43. Attorney Goldman participates in the affairs of BPA law firm operations.

     44. To prevent or minimize oversight, BPA Attorneys at Law was never registered
their law firm with New Hampshire Secretary of State before as required by law
providing legal services and practicing law in New Hampshire Courts.

     45. BPA activities affect interstate commerce the interstate is used to deliver supplies
and billings and doing business with client in other states.

     46. Attorney Bianco and Attorney Goldman through the collection of unlawful debt
and or they show a pattern of committing of various federal crimes and state law
predicate act crimes.

47. Attorney Bianco and Attorney Goldman collectively (B & G) have acquired a considerable amount of assets with their investments from illegal debt real estate property and business entities acquired through Rico violations.

48. B & G has invested a collection of unlawful debt in their BPA and other business entities.

49. B & G's predicate acts include bank fraud, mail fraud, wire fraud, conspiracy, perjury in an official proceeding and more.  At least two with the past 10 years.

50. B & G billed Mr. Dominic's mother Elaine Dominic (Elaine) for her own financial exploitation up until her death on November 8, 2016.

51. Attorney Goldman formerly of Goldman & LeBrun PA before merger with rival BPA is now liquidating ill-gotten gains through Rico violations, including the real estate at 46 North State Street, the old Goldman & LeBrun Law Office.

52. Attorney Goldman while operating Goldman & LeBrun PA first known Rico Violations began with the financial exploitation of Elaine back on 4/25/11 with Reginald Dominic (Reg), one of Elaine's Sons and APRN Una Folan of Concord Hospital (CH).

53. Attorney Goldman has invested some of his illegally obtained assets in out of state investments in Charlotte County Florida and real estate in Collier County Florida.

54. Reg found through Concord Hospital (CH) APRN Una Folan (APRN Folan) on 4/2/10 (Exhibit 3), Elaine failed all mental status tests.  Further treatment referred to Neurologist.  FULL Code advance directives without Power of Attorney were Elaine's wishes at CH.

55. Reg and or CH's APRN Folan contacted Attorney Goldman by telephone call arranged appointment to bring Elaine to his Goldman & LeBrun PA office on April 25, 2011.

56.     Reg had found from APRN Folan and or other persons Attorney Goldman had several profitable contacts in New Hampshire, some at CH and had reason to  believe Attorney Goldman was the type of person that would join his plan.

57.     At the 4/25/11 first meeting, Attorney Goldman agreed to join Reg in liquidation plans.  Attorney Goldman noticed Elaine was forgetful (Exhibit 4).  "May need Estate planning.

58.     Attorney Goldman set up an appointment with APRN Folan for Elaine at CH for another exam on 5/9/11 (Exhibit 5).

59.     On 5/27/11 APRN Folan report (Exhibit 6) shows Elaine again failed all mental status tests given including MMSE Diagnosed with Alzheimer's Disease, Severe Dementia.  In spite of this APRN Folan agreed to work with Attorney Goldman to originate Durable Power of Attorney for Health Care (DPOAHC) and Living Will.

60. Records obtained, show APRN Folan placed telephone calls in their conspiracy to change Elaine's advance directives Attorney Goldman's office to discuss status.

61. Attorney Goldman and Reg made profitable contacts at enterprises needed to succeed in embezzlement of assets of client Elaine they needed.

62. Attorney and Reg had contacts at Franklin Savings Bank (FSB) that they believed would turn a blind eye to bank fraud, perjury on a financial institution with FDIC insured deposits, mail fraud, wire fraud, computer fraud, fraudulent ID documents for profit,

money laundering, illegal money transfers, conspiracy, aiding and abetting bank fraud and generally permit and contribute to money laundering over more than a 4-year period over $500,000 was illegally removed from Elaine's trust accounts at FSB without any concern or even raising an eye brow for more than 4 years.

63. Attorney Goldman and Reg had contacts at Defendant's Bank of New Hampshire (BONH) Defendant parties, Patricia Kingwill (Ms. Kingwill) and other who permit and contribute to same illegal activities named in above paragraph 24.

64.     BONH and Ms. Kingwill would even permit contribute with essential for embezzlement and conversion of Elaine's US Savings Bonds swindle Patricia Kingwill BONH financial institution medallion stamp required to pull off the scheme.

65.     Attorney Goldman, Reg, Ms. Kingwill on or about 4/22/13 sent by US Mail, willfully, knowingly, provided false notarized documents to U.S. Federal Reserve Bank, which they all or at least one person believed were false documents (Exhibit 7), with intent to deceive.

66.     BONH, Ms. Kingwill, and Ms. Jarvis, set up a purported trust account of Estate of John H. Dominic in 2014 without legal right to do so.

67.     Attorney Goldman has contacts at Bean Group Title and Escrow LLC (Bean Title) and realtor Dean Chase who violated predicate act State and Federal Laws to steal Elaine's Rye Beach Home.

68.     Michael Bean of Bean Title has contacts at Provident Bank who permitted same illegal conduct as described in above paragraph 24.

69. Bank Fraud is allowed in New Hampshire Banks due to stands taken with the State's Bank Commissioner Defendant Gerald A. Little (Mr. Little).  Mr. Little was a Banking Lobbyist for 20 years and prior bank commissioners Glenn A. Perlow (Mr. Perlow) (2013-2015).  Federal bank Laws are not required to be complied with by N.H. Banks.  Records obtained show the state does not supervise or audit the State's Banks as required by law.

70. Reliable evidence shows, the state banks are allowed to and do willfully, knowingly, violate state and federal laws and commit and or aid and abet bank fraud, wire fraud, and more as alleged in above paragraph 24.

71. Defendant New Hampshire Secretary of State William Gardner has contributed and committed and or at the least aided and abetted illegal activity as alleged in above paragraph 24, including not requiring his favored companies to register in the state.  Even allowing Bianco PA Attorneys at Law to act and be paid as Lobbyists without legal right to do so, even co-author healthcare laws now made unequal and corrupt.

72. FDIC, and NHBD, Mr. Little, and Mr. Perlow, collectively (Bank Supervisor) Defendants had the legal duty to supervise the N.H. Banks but breached that duty NH Banks or at least they failed to properly supervise and audit FSB, BONH, Laconia Savings Bank, and Provident Bank in the year 2012 up until the year 2020 they broke the law.

73. Bank supervisor could easily foresee their legal fault of not supervising or ever properly auditing banks it would result in a proximate cause of harm to plaintiff Elaine

Dominic and Mr. Dominic as it has occurred here.  Plaintiff demands three-fold harm and damages and injunctive relief to be requested.

74.     Defendant FDIC and NHBD has not provided supervision over banks in New Hampshire with FDIC insured deposits or at the least FSB, BONH, and Provident, which they are legally required.  They could easily foresee to be a legal fault of and would result in a proximate cause of harm to plaintiff, which it clearly has.

## COUNT 1

## RICO VIOLATIONS OF 18 USC § 1962(b)

75.     Plaintiff Mr. Dominic brings this civil action pursuant to 18 USC § 1964(c)Civil Remedies as the new private attorney general in New Hampshire injured in plaintiff's business or property by reason of a violation of 18 USC 1962(b) May sue in any appropriate United States District Court and demands to recover three-fold the damages sustained as provided for.

76. Attorney Bianco and Attorney Goldman through Defendants BPA, Bianco Law and Goldman & LeBrun PA collectively (B & G Defendants) have committed Rico Violations through pattern of racketeering and or collection to acquire and or maintain directly or indirectly any interest in or control of unlawful debt in entity BPA which engaged in effecting interstate commerce some legal conduct of affairs of pay for play as to Attorney Bianco and specialize in embezzlement as to Attorney Goldman willfully knowingly committed more than 2 predicate acts within 10 years. Mail fraud, wire fraud, conspiracy, perjury in official proceedings and other violations alleged in above paragraph 24 more benefiting from interstate commerce.

77. Plaintiff Mr. Dominic asserts here in no way is the just appointed new Attorney General John Formella responsible or liable for any wrongdoing in these matters. Attorney General Formella was just appointed in April of 2021.

78. All defendants or at least B & G activities affect interstate commerce with US mail, supplies delivered and customers driving on the interstate highways.

79. All defendants either also committed the violations with B & G or willfully knowingly contributed to and or contributed to or at the least aided and abetted in their capacities and roles taken and blind eyes.

80.     All defendants or at least B & G Defendants willfully knowingly committed violations Rico Law Violations. 18 USC 1962(b) with racketeering more than 2 predicate acts within 10 years, mail fraud, wire fraud, conspiracy, bank fraud, and more which they could foresee, would be a legal course resulting in a proximate cause of harm to Elaine and her sole beneficiary Steven Dominic, which do occur.

## COUNT 2

## RICO VIOLATIONS OF 18 USC § 1962(c)

## RACKETEERING ACTIVITY OR COLLECTION OF UNLAWFUL DEBT

81. All factual allegation paragraphs above are incorporated by reference as if fully restated herein support of the cause of action.

82. All defendants or at least BONH, FSB and B & G were and or  are still employed by or with enterprise BPA which was and continues even now to commit a pattern of racketeering activity and or collection of unlawful debt.

15

83. All defendants or at least B & G, associated either also committed the violations with B & G or willfully knowingly contributed to and or contributed to or aided and abetted in their capacities and roles taken.

84. Plaintiff, Mr. Dominic asserts Attorney Bianco, Attorney Goldman, and other person unknown as of yet employed by or associated with BPA, Bianco Law, Goldman & LeBrun and any other Bianco Enterprises engaged in or other activities which affect interstate commerce or foreign commerce to conduct or participate, directly or indirectly in such conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt reinvested in other enterprises illegally.

85. All defendants or at least B & G defendants could easily foresee to be a legal fault which would result in a proximate cause of harm, and damage to plaintiff, which did occur.

## COUNT 3

## VIOLATIONS OF 18 USC 1962(d)

## CONSPIRE TO VIOLATE 18 USC 1962(b)

86. All factual allegation paragraph above are incorporated by reference as if fully restated herein support of the cause of action.

87. All Defendants at least BONH and Attorney Goldman, Reg, and APRN Folan conspired to commit predicate acts as in above paragraph 24.

88. All defendants or at least B & G could foresee their conspiracy would be the legal fault to be believed would result in harm to plaintiffs, which do occur. Conspiracy was a legal fault resulting in a proximate cause of a harm to plaintiffs.

## COUNT 4

## VIOLATES OF 18 USC 1962(d)

## CONSPIRE TO VIOLATE 18 USC § 1962(c)

89. All factual allegation paragraph above are incorporated by reference as if fully restated herein support of the cause of action.

90. All Defendants or at least BONH and B & G conspired to violate 18 USC 1962(c) between themselves Reg and others in this matter in do so committed predicate act more than 2 times in 10 years.

91. All Defendants or at least Attorney Goldman, Reg, and APRN Folan conspired to commit predicate acts in above paragraph 24.

92. All defendants, or at least B & G defendants, and APRN Folan, conspired which was a legal fault they could foresee would result in a proximate cause of a harm to plaintiffs, which it did.

## COUNT 5

## CIVIL ACTION RSA 137-J:23

93. Defendants Concord Hospital, Inc, Una Folan (APRN Folan), Carol A. Niegish M.D. (Dr. Niegisch), undisclosed Defendant HIMMS Supervisors, and other unknown Doe Parties at CH, Attorney Goldman of Defendant Goldman & LeBrun, Defendant Patricia A. Jarvis, Defendants collectively violators of chapter 137-J (v 137-J).

94. The v 137-J defendants all owed duties to Elaine all at least owed a duty of care as to CH staff the standard other average medical professional would provide.  Attorney of Goldman & LeBrun as fiduciary.

17

95. All v 137-J defendants breached their duties owed and CH staff failed to maintain required standards, which they could foresee would cause harm to Elaine.

96. In earlier years Elaine when of sound mind, she made the decision she demanded FULL Code advance directive without DPOA and agent for decisions at CH. Elaine had always believed she could trust CH to honor her request, but CH and staff intentionally willingly and knowingly failed to do so, due to illegal Dementia Policies discriminate.

97. Back in December 2006 CH, APRN Folan and other CH staff knew or at least had reason to believe Elaine lacked capacity and her bones in her spine were demineralized but failed to take any action or even disclose or warn Elaine.

98. CH due to dementia policies, did not waste the time of their best Doctors instead of providing Elaine to their experienced Neurologists which was required without even taking bone density tests until 2011.

99. If there was an experienced Neurologist back in December of 2006 instead of APRN Folan, Elaine's life or lack thereof would have been much different. Now in 2021 CH does not have, any right to expand their monopoly into Franklin and the Lakes Region, people deserve much better.

100. CH shows a pattern of conduct which causes harm to their patient Elaine, they use an unqualified staff member, just to save money.

101. Neurologists are paid about twice as much as an APRN and with good reason much more medical training is required. Elaine's records show APRN Folan was reckless and violated State Laws.

102.     Elaine in December 2006 required the A team experienced Neurologists being deprived of even of any Doctor caused harm to Elaine.

103.     Knowledge is important, the Neurologist may have gained Elaine's respect to listen to advice instead of arguing with Elaine as Son, Gary notified Steve that APRN Folan did.  Gary described APRN Folan as a nurse ratchet type.  Steve believes APRN Folan had her own agenda and treated Elaine with intentional cruelty.  APRN Folan refused to speak with Steve and fled the state.

104.     Instead, pursuant to RSA 137-J:23 all v 137-J defendants commit crime a class B felony by willfully knowingly and falsely make or alter or forge or counterfeits or knowingly and falsely causes to be made. Altered forged or counterfeited or procures aid or counsels the making, altering forging, or counterfeiting of an advance directive or revocation of same with intent to injure or defraud a person all v 137-J defendants are guilty of class B felony shall be guilty of a Class B Felony, not withstanding any provisions pf title LXII all v 137-J defendants are guilty of class B felony.

105.     The plaintiff, Mr. Dominic provides questions for the Court and Jurors. Are v 137-J Defendants in violation of chapter 630 homicide committed murder, negligent homicide, or manslaughter?  Private Attorney General Mr. Dominic submits this question.

106.     Plaintiff, Private Attorney General provides other question for the court and jurors, Elaine's records from CH knew of Elaine's starvation being deprived of nutrients and safe home. For more than 4 years, did CH and staff contribute substantially?

107.     All v 137-J Defendants failed to protect Elaine as required each for their own agendas failed to save Elaine.

108.     Down through history weaker or person with diminished mental capacity has been discriminated against even in this CH case hospital staff.

109.     All v 137-J defendants willfully and knowing committed a Class B Felony in these matters.  Which all v 137-J defendants could foresee would be a legal cause resulting in a proximate cause of harm to Elaine, which did occur Elaine's CH records clearly show starvation and abuse but did nothing.

## COUNT 6

## VIOLATIONS OF PATIENTS' BILL OF RIGHTS BY

## CONCORD HOSPITAL AND STAFF

110.     Plaintiff hereby incorporates by reference all proceeding factual allegations and make them a part of this court as if set forth fully at length herein.

111.     The New Hampshire Patients' Bill of Rights RSA 151:19-30, sets forth requirements for healthcare facilities to adopt polices and procedures to protect patients admitted to these facilities pursuant to RSA 151:20 Hospital must adopt policies and procedures and provide these to admitted patient.

112.     All v 137-J Defendants associated with CH violate provisions RSA 151:21 IV and X Treatment of Elaine's medical record information kept confidential  was recklessly in violation of law, given freely to Attorney Goldman Elaine's abuser and financial exploiter.

113.    Which all v 137-J CH Defendants believed would be a legal fault resulting in foreseeable harm in a a proximate cause of harm to Elaine, which it did.

114.    Plaintiff states there is a big difference in meaning of the words, FULL Code advance directives without DPOA Agent and ZERO Code advance directive with as DPOAHC Agent for decision Reg Elaine's abuser and financial exploiter.

115.    On July 22, 2011 Attorney Goldman mailed U.S. Mail a letter to Elaine (Exhibit 8).

116.    With only common sense not vast medical knowledge any person could foresee hanging a DNR tag on Elaine's neck and wrist would be a cause of foreseeable harm to Elaine, as it is like putting a sign on your forehead "let me die as soon as possible."

117.    On June 1, 2012 Reg and Elaine met with Attorney Goldman again at his office at 46 North State Street, Memo dated 6/4/12 (Exhibit 9).   There is strong presence of undue influence a duress by Reg and Elaine's Attorney Goldman.  In New Hampshire the burden shall shift to Defendants.

118.    On June 8, 2012, it appears Elaine may have signed a DPOAHC  (Exhibit 10) with Reg as agent and ZERO Code advance directives rather than FULL Code. Attorney Goldman held for Elaine.

119.    Also, a DPOA (Exhibit 11), making Reg her Agent in Financial Matters, may have been signed.

120.    June 25, 2012 Elaine's beloved Rye Beach Home was listed for sale with Realtor Dean Chase of Portsmouth, chosen by Attorney Goldman and Reg, who never

met Elaine.  Attorney Goldman had built a web of bad actors for his embezzlement schemes.

121.     Before closing Attorney Goldman prepared a Limited Power of Attorney (Exhibit 12) on 7/13/12, signed by Elaine, for Reg to sign all closing documents except.

*122.*     The Warranty Deed (Exhibit 13) prepared by Attorney Goldman and signed by Elaine at Attorney Goldman's office on 7/13/12.  Just a note, exhibit 6 Attorney Goldman's 7/22/11 letter, ***"I believe that you are not able to sign any deeds, wills, or powers of attorney."***

123.     Attorney Goldman of Goldman & LeBrun PA was paid at least $1,627.72 believed to be much more to represent Elaine in the Real Estate Transaction.

124.     On 7/16/12 Elaine's home transferred ownership to new owner, by Bean Group Title & Escrow (Bean Title), of Portsmouth, at Dean Chase's Real Estate office, Marple & James, of Portsmouth.  Elaine did not attend the closing and never spoke to anyone from Bean Title or Marple & James ever.

125.     Defendant Dean Chase committed a pattern Rico Violation, mail fraud, wire fraud, conspiracy, and more State Laws, breach of fiduciary duty, even choosing unlicensed Bean Group Title & Escrow LLC.

126.     Attorney Goldman of Goldman & LeBrun PA has committed violations of section 1962 in predicate acts more than two times in the last 10 years.  Mail fraud, wire fraud, conspiracy, bank fraud, money laundering, perjury in official proceedings and more.

127.     Attorney Goldman's wrongful acts resulted in harm to Elaine and Mr. Dominic, in turn harm to Mr. Dominic.  He is the sole beneficiary of her estate.

128.     Defendants Michael Bean, of Defendants Bean Group Title and Escrow LLC, did the title work to transfer Elaine's Rye Beach Home, on 7/16/12.  Bean was not registered to do business in New Hampshire with the Secretary of State Office.

129.     Bean Title was not registered in any state in July 2012, breaching his duties with intent to defraud Elaine.

130.     A check of New Hampshire Insurance Department found Bean Title never had active license or line of insurance assigned.

131.     Michael Bean committed Rico Violations two or more within 10 years. Including mail fraud, wire fraud, bank fraud, and more.

132.     Defendant Bean Title illegally maintained their business account a trust account at Provident Bank in Portsmouth, NH.

133.     Defendant Provident Bank by allowing Bean Title to maintain their trust accounts violated the Bank Secrecy Act BSA/AML.  They failed to maintain an effective CIP to identify customers and prevent bank fraud.  Provident Bank Personnel defendant David P. Mansfield operated his bank in violation of Rico Law, in doing so breached their duties owed to Elaine resulting in directly causing proximate cause of harm to Elaine.

134.     Banker David P. Mansfield invested his money into Provident Bank, obtained illegally in other investments for illegal debt.  Mail fraud, wire fraud, bank fraud, conspiracy and more than two times in 10 years.

135.    Elaine's Rye home sale proceeds check of $332,458.22 made payable to Elaine was recklessly given to Reg at closing, breaching their duties to Elaine.

136.    Steve and Kim's massive investigation has not cost New Hampshire people one cent, they funded the investigation themselves.  New Hampshire has massive corruption, paying millions of dollars for some official for decades for worthless services.

137.    Plaintiff, Mr. Dominic, now provides the court with more recently discovered reliable proof of fraud claims upon the court, the morning on April 20, 2021. Mr. Dominic and his wife Kim drove to our mailbox #600 at 36 East Main Street, Warner, NH  03278.

138.    At a proximately 10:55 a.m. on 4/20/21 Mr. Dominic removed mail from the box he rents from the U.S. Postal Service.  He removed several pieces of mail including a large envelope sent by U.S. First Class Mail, addressed to Mr. Steven Dominic, 36 East Main Street #600, Warner, NH  03278.

139.    The envelope was sent by Morrison Mahoney LLP, 1001 Elm Street, Suite 304, Manchester, NH  03101.  The envelope looked suspicious to Mr. Dominic, rather open the envelope, brought it to a postal clerk at a proximately 11 a.m.  After waiting in line.

140.    Mr. Dominic showed the U.S. Postal Clerk the Morrison Mahoney envelope, which Steve had noticed that the Pitney Bowes date stamp removed.

141.    Mr. Dominic showed the Postal Clerk other mail sent by other Attorneys Boyle | Shaughnessy Law, sent First Class Mail had a date stamp.  Boyle | Shaughnessy had also sent one by Certified Mail with date stamp.

24

142.     Mr. Dominic told the Postal Clerk; First Class Mail is required by USPS to have a date stamp and not be held after stamping.

143.     The Postal Clerk agreed the mail must have a date stamp, but he did not think the date stamp could be removed by a person.

144.     Mr. Dominic informed the Postal Clerk it could be done.  A Pitney Bowes Postal Meter has instructions for a person to remove manually, M. Dominic had seen it done before.

145.     Mr. Dominic explained it would have to have been done intentionally because it is a six-step process of pushing buttons and scrolling and same in reverse to turn back on.  It is tricky but can be done.

146.     Mr. Dominic informed the Postal Clerk he may have to come to Court to testify.

147.     Mr. Dominic told the Postal Clerk this had been done before is a time sensitive Order by the Probate Court.  The mail had been withheld and that date stamp was also removed by Clerk Richardson on 2/11/20 order.

148.     Mr. Dominic requested the Postal Clerk sign an Affidavit of these events. He agreed to do so.  Later Steve and Kim returned to the U.S. Post Office, on 4/23/21 United States Postal Clerk Robert Belisle at 11:05 a.m. signed the affidavit (Exhibit 14).

149.     Postal Clerk Robert Belisle is not a personal friend of Steven Dominic.  The postal box had been only recently rented on 1/8/21, this was their first conversation.

150.     Defendants, Bianco Law Firm PLLC (Bianco Law), Bianco Professional Association, Attorneys at Law (Bianco PA), James J. Bianco, Jr. (Attorney Bianco),

collectively Bianco Defendants, on June 15, 2020 through his counsel Morrison Mahoney

LLP, Attorneys Linda M. Smith (Attorney Smith) and Edwin F. Landers, Jr. (Attorney

Landers) submitted doc. #14-1 & #14-2 containing false material statements in a case

with this Court 1:20-cv-00448-PB.

151.    Plaintiff, Mr. Dominic asserts Attorney Bianco has operated an illegal law

firm in Concord for more than 20 years undetected at his 18 Centre Street hideout, due to

being protected by Secretary of State Offices.

152.    Plaintiff Mr. Dominic asserts Attorney Bianco appears to have used the

illegal unregistered BPA to avoid oversight.  Attorney Bianco specialize in pay for play

in New Hampshire.  A pattern of violation, to predicate acts.

153.    Plaintiff Mr. Dominic asserts reliable evidence shows Rico Laws Violations

they show Attorney Goldman is a master embezzler with a pattern Rico Violation

predicate acts dating back to April 25, 2011.

154.    Now Attorney Goldman, Goldman & LeBrun PA, BPA, Bianco Law, and

Attorney Bianco, collectively (B & G) and a much larger Law Firm defending them as

Counsel, their Boston Branch of Morrison Mahoney LLP with Attorney Landers and

Manchester Branch with Attorney Smith  collectively (MM & SL) with B & G

collectively (GBMMSL Defendants) cause rise to suspicion of more wrongdoing.

155.    Plaintiff Mr. Dominic asserts it is more than merely possible there may be a

horizontal flow of investment and profit benefits from the flow of Concord to Manchester

and to Boston, and beyond, Morrison Mahoney has offices in NH, MA, CT, NJ, NY, RI,

and even to England.

156.     Plaintiff, Mr. Dominic asserts it seems highly suspicious for attorneys to take desperate act of removing date stamp on U.S. Mail in an official proceedings.

157.     Plaintiff Mr. Dominic asserts some schemes go undetected for decades as with Bernie Madoff Ponzi Scheme first discovered by Harry Markopoulos, first going to the Securities and Exchange Commission in early 2000 to report what he knew.

158.     Records Show, for years Mr. Markopoulos complained to Securities and Exchange Commission but went unchecked for years.  History shows he was right.

159.     Plaintiff, Mr. Dominic asserts there is more than mere possibly that there is web of rogue law firms all connected with vertical flow of profits.

160.     Defendant William Gardner (Mr. Gardner) as Secretary of State of New Hampshire has known or should have known BPA Attorneys at Law went unregistered and operating illegally for more than 20 years.

161.     Mr. Gardner has provided protection for Attorney Bianco of BPA by knowing BPA is unregistered but failing to act for decades.

162.     Mr. Gardner failed to ensure state laws requiring business to register first such as Bean Group Title & Escrow in July 2012.

163.     Plaintiff, Mr. Dominic submit proof the (Exhibit 15) Secretary of State Office is aware of illegal BPA.  He has been paid to act but failed to do so.

## COUNT 7

## AIDING AND ABETTING RICO ENTERPRISE

## BIANCO PROFESSIONAL ASSOCIATION ATTORNEYS AT LAW

164.      Defendant Mr. Gardner as Secretary of State fails to enforce the Law of New Hampshire requiring the registration of Corporation and LLC Companies.

165.      All defendants including BONH and GBMMSL Defendants or at least, Defendant Mr. Gardner pledged under oath to uphold the laws of New Hampshire.  Mr. Gardner breached that duty, which he could foresee would be a legal fault result in being a proximate cause of harm to persons such as Elaine Dominic and Steve Dominic.

166.      Defendant Mr. Gardner was notified and knew of Attorney Bianco thru his illegal BPA they had a pattern of violating Rico Laws with predicate acts of mail fraud, with fraud, unlawful debt invested in other registered entity operated by Attorney Bianco.

167.      Defendant Mr. Gardner substantially contributed to Rico Violations by failing to act breached his duties and do the job he has been well paid to do for more than 45 years.

168.      Defendant Mr. Gardner's office is only 1 block away from BPA hideout at 18 Centre Street but failed to take action sworn to in oath taken.  Which is a legal cause in proximate cause to Plaintiff which did occur.

169.      Plaintiff, Mr. Dominic asserts he's discovered substantial corruption in New Hampshire State Courts.  But will not specifically address at this time.

### COUNT 8

### MAIL FRAUD 18 USC 1341

### 1 COUNT UP TO 100 COUNTS

170.      Plaintiff hereby incorporates by reference all proceeding factual allegations and make them a part of this court as if set forth fully at length herein.

171.     All defendants including GBMMSL Defendants or at least B & G

Defendants willfully knowingly, committed mail fraud a legal cause resulting a

foreseeable harm to a proximate cause of harm to plaintiff, which did occur.

## COUNT 9

### BANK FRAUD 18 USC 1344

### 1 COUNT UP TO 100 COUNTS

172.     Plaintiff hereby incorporates by reference all proceeding factual allegations

and make them a part of this court as if set forth fully at length herein.

173.     All defendants or at least BONH and B & G Defendants willfully

knowingly, committed mail fraud, a legal cause resulting a foreseeable harm to a

proximate cause of harm to plaintiff, which did occur.

## COUNT 10

### OBSTRUCTION OF JUSTICE 18 USC 1303

### 1 COUNT UP TO 100 COUNTS

174.     Plaintiff hereby incorporates by reference all proceeding factual allegations

and make them a part of this court as if set forth fully at length herein.

175.     All defendants including GBMMSL Defendants or at least B & G

Defendants willfully knowingly, committed obstruction of justice, a legal cause resulting

a foreseeable harm to a proximate cause of harm to plaintiff, which did occur.

## COUNT 11

### MONEY LAUNDERING 18 USC 1956

## 1 COUNT UP TO 100 COUNTS

176.      Plaintiff hereby incorporates by reference all proceeding factual allegations and make them a part of this court as if set forth fully at length herein.

177.      All defendants including Bank Supervising Defendants or at least B & G Defendants willfully knowingly, committed money laundering, a legal cause resulting a foreseeable harm to a proximate cause of harm to plaintiff which did occur.

## COUNT 12

## ILLEGAL MONEY TRANSMITTERS  18 USC 1960

## 1 COUNT UP TO 100 COUNTS

178.      Plaintiff hereby incorporates by reference all proceeding factual allegations and make them a part of this court as if set forth fully at length herein.

179.      All defendants or at least BONH, FSB, and B & G Defendants willfully knowingly, committed illegal money transmitters, a legal cause resulting a foreseeable harm to a proximate cause of harm to plaintiff, which did occur.

## COUNT 13

## PERJURY IN AN OFFICIAL PROCEEDING 18 USC 1621(1)(2)

## 1 COUNT UP TO 100 COUNTS

180.      Plaintiff hereby incorporates by reference all proceeding factual allegations and make them a part of this court as if set forth fully at length herein.

181.      All defendants including GBMMSL Defendants or at least B & G Defendants willfully knowingly, committed perjury in an official proceeding, a legal

cause resulting a foreseeable harm to a proximate cause of harm to plaintiff, which did occur.

## COUNT 14

## SUBORNATION OF PEJURY 18 USC 1622

## 1 COUNT UP TO 100 COUNTS

182.     Plaintiff hereby incorporates by reference all proceeding factual allegations and make them a part of this court as if set forth fully at length herein.

183.     All defendants including other unnamed staff at Bianco PA or at least B & G Defendants willfully knowingly, committed subornation of perjury, a legal cause resulting a foreseeable harm to a proximate cause of harm to plaintiff, which did occur.

## COUNT 15

## CONSPIRACY 18 USC 371

## 1 COUNT UP TO 100 COUNTS

184.     Plaintiff hereby incorporates by reference all proceeding factual allegations and make them a part of this court as if set forth fully at length herein.

185.     All defendants BONH Defendants including Patricia Kingwill or at least B & G Defendants willfully knowingly, committed conspiracy, a legal cause resulting a foreseeable harm to a proximate cause of harm to plaintiff, which did occur.

## COUNT 16

## PERJURY AS A SENTENCING FACTOR 18 USSG 3c1.1

## 1 COUNT UP TO 100 COUNTS

186.      Plaintiff hereby incorporates by reference all proceeding factual allegations and make them a part of this court as if set forth fully at length herein.

187.      All defendants especially or at least B & G Defendants willfully knowingly, committed perjury as a sentencing factor, a legal cause resulting a foreseeable harm to a proximate cause of harm to plaintiff, which did occur.

## COUNT 17

## RSA 358-A:10 PRIVATE ACTION

188.      Plaintiff hereby incorporates by reference all proceeding factual allegations and make them a part of this court as if set forth fully at length herein.

189.      All defendants or at least BONH and B & G Defendants willfully knowingly acts committed predicate acts in violation of Rico Laws, as alleged in above paragraph 24 violated provision of RSA 358-A:2 Acts unlawful they could foresee the harm it would cause to plaintiffs' legal fault which did result in a proximate cause of harm to plaintiff.

190.      Plaintiff asserts these violations are continuing in this open-ended Rico Case.

191.      B & G Defendants and Counsel Collectively (GBMMSL) intentionally cause fraud upon this court with perjury and mail fraud at least.

192.      Defendant Goldman has invested illegally obtained debt into assets through embezzlement from Elaine on 5/18/16 invested $713,500. In real property at Twin Eagles Grand Arbors Phase Two C, Block 111, Lot 6, in Naples, Florida.

193.    Now on January 2, 2020 Stephen R. Goldman and his wife Ann V.

Goldman make fraudulent conveyance (Exhibit 16) of ill-gotten gains of Lot 6, Naples

home to Trustees of the Ann V. Goldman revocable trust of 2012 dated February 7, 2012,

with full power and authority pursuant to the provisions of Florida Statutes Section

689.071 to protect conserve and to sell, convey, lease, encumber or otherwise dispose of

the real property described herein, in attempt to shield assets as did Judge Patricia Coffey

of her husband John Coffey language, just the names change.

194.    Plaintiff, Mr. Dominic asserts Attorney Goldman and his wife Ann (the

Goldman's) originated a mortgage of $300,000. Granted to FBD Mortgage, LLC, on

5/18/16 secured by Lot 6, Twin Eagles.

195.    Plaintiff, Mr. Dominic sees that on 8/13/20 the mortgage was satisfied

(Exhibit 17) in full and that is the way plaintiff demands it remains.

196.    Plaintiff, Mr. Dominic before making pre-trial requests of the court shall

give the court the benefit of knowing how the plaintiff for all intents and purposes has

already prevailed in these matters, or at least as to B & G defendants their done.

197.    Back on June 6, 2017 at 2 p.m. Steve and Kim began to suspect Attorney

Goldman of wrongdoing.

198.    Mr. Dominic filed letters of complaint with the Probate Court and a petition

requesting Elaine's records which were finally provided and certified by Attorney

Goldman's attorney on 8/19/19.

199.    On the morning of 8/20/17, creditor Mr. Dominic as required by RSA 556:2

by certified mail sent a notice of claim statement of account for damages of $835,000 to

Attorney Goldman, money owed by Estate of Reg (Exhibit 18).  Attorney Goldman received on 10/23/17.

200.    Mr. Dominic claimed repeatedly, in the Estate of Elaine, Attorney Goldman was jointly and severally liable for Reg's unlawful acts.  As a legal professional, Attorney Goldman was aware of the material fact he reasonable believed he was and is jointly liable.

201.    In 2017, Steve and Kim used their own skills learned in real estate to assess our debtor Attorney Goldman, we monitored the status of his real estate asset finding Attorney Goldman owned a home at Lot 6, Twin Eagles, Naples, Florida.  But remained silent as to it.

202.    Many of thousands of dollars have been wisely invested by Steve and Kim to civilly beat our adversary who abused and financial exploited Elaine without mercy.  More than 10,000 hours by each Steve and Kim have been invested.  Well worth every minute spent. Proving you can secure victory over superior forces.  If your move at the most opportune moment, today the afternoon of May 12, 2021.

203.    Plaintiff, Mr. Dominic asserts the most valuable writing obtained to prevail was business 101, the art of war, with the essentials for victory to win even against superior forces, watch-wait-strike, when the time is right.

204.    Mr. Dominic asserts the time is right, we have gained more legal knowledge than required to prevail, we now exceed our adversaries legal knowledge.

205.    By Attorney Goldman willfully and knowingly violating fraudulent transfer laws to avoid a creditor Mr. Dominic, it was a fatal flaw in his defense.

34

206.     Attorney Goldman recklessly, willfully, knowingly, enlisted his wife's contribution to his crime.  The Goldmans willfully, knowingly, violated provisions of 11 USC 548 (a)(A), also violations New Hampshire uniform fraudulent transfer act RSA 545-A:4 & 5.

207.     Mr. Dominic can fore see Attorney Goldman's reaction, he has seen this before. Attorney Goldman will put his head in his hands leaning forward stating. Oh No!

208.     Creditor, Mr. Dominic is afforded remedies pursuant to RSA 545-A:7 I(b) attachment or (c)(1) injunction (c)(2) appointment of receiver (c)(3) and other relief circumstance may require.

209.     Mr. Dominic asserts by Attorney Goldman willfully, knowingly violating these laws is unlawful but involving his own wife Ann Goldman, shows the court and will show jurors the true Attorney Goldman.

210.     Mr. Dominic further asserts he has waited patiently for justice to be served.

211.     At some point in time Attorney Goldman's wife must be informed of her now being a defendant in a Rico Case, thanks to Attorney Goldman's antics.

## COUNT 18

## VIOLATIONS OF RSA 545-A

## NEW HAMPSHIRE UNIFORM FRAUDULENT TRANSFER ACT

212.     Plaintiff hereby incorporates by reference all proceeding factual allegations and make them a part of this court as if set forth fully at length herein.

213.     Plaintiff, Mr. Dominic asserts defendants Attorney Goldman, Ann Goldman, Ann Goldman Trust of 2012, collectively (Goldmans) Goldman Defendants,

willfully, knowingly made false material statement of the value of the conveyance of the real property as ten dollars for the value of real property Lot 6, Twin Eagles, Grand Arbors, Phase Two C, Block 111, according to the plat there of, as recorded PB 58, PG 79 of the Public Record of Collier County, Florida.

214.    Goldman Defendants willfully, knowingly provided false material statement as to the value of ten dollars, essentially zero consideration, of Lot 6, Twin Eagles, as stated in paragraph above all Goldmans defendants know Collier County, Florida. With highly qualified professional real estate appraisers assess the value to $622,009 in the same year 2020 (Exhibit 15).

215.    Goldman Defendants purchased the Lot 6, Twin Eagles by investments from illegal debt involved in racketeering.

216.    Goldman Defendants illegal transfer violates N.H. Uniform Fraudulent Transfer Act RSA 545-A:14 and 545-A:5. Goldman Defendants could clearly foresee this would be the legal fault which would result in a proximate cause of harm to Mr. Dominic and the Estate of Elaine as it has the Lot 6 asset was intentionally removed to avoid a creditor.

WHEREFORE, plaintiff respectfully request this Honorable Court.

    A. Grant pretrial order 3 times damage are appropriate in this open-ended Rico Case, for the jury instruction due to aggravating the nature and continued predicate acts in violation of Rico Laws.

    B. Upon review of this complaint grant expedited exparte order for injunctive relief to freeze any attempt to further convey, sell, lease, rent, assign,

encumber, mortgage, or sell or assign trust or take on new member including golf membership rights relating to Lot 6, Twin Eagles, Naples.  Or order a constructive trust without bond be originated with court approved trustee until final disposition of these matters.

C.  Grant interim exparte temporary restraining order issuing without oral or written notice to Goldman Defendants to prevent them from selling, leasing or further encumbering their residence at 22 Dwinell Drive, Concord, NH, 03301. Plaintiff asserts the property was acquired with illegal debt and or racketeering. Pursuant to Fed. R. Civ. P. Rule 65.(b)(1)(A).  Plaintiff complaint is a verified complaint, the Goldman's are transferring assets.  Plaintiff believes Goldmans Defendants are planning to flee the state.  This would cause irreparable to financial injury to Plaintiffs.

D.  Plaintiff, restraining order to comply with Fed. R. Civ. P. Rule 9.(g) special damages.  Mr. Dominic at final disposition of these matters shall demand their ownership be transferred in 22 Dwinell Drive, to Mr. Dominic.   If unsuccessful to gain ownership at that time, shall seek deed be converted to life estate.  If needed in the deed to 22 Dwinell Drive, Concord, NH be converted to a lease or life estate with special provisions only as long as they reside full time, year-round there, upon vacating for more than 14 days will trigger the sole ownership conveyed to plaintiff Mr. Dominic upon the Goldman vacating. Never shall Dominic stop civil actions to acquire 22 Dwinell Drive.

E.  Grant temporary interim expanded restraining order without written or oral notice to the Goldmans restraining them from selling leasing encumbering real property at Lot 6, Twin Eagles, including Golf Membership and furnishings, as stated above including golf clubs, condo car, golf cart, even liquor in the bar, as Fed. R. Civ. P. Rule 65.(a) with the court providing notice if the court deemed more appropriate.  Plaintiff is very concerned defendant is liquidating and desperate and may flee like others in these matters have.

F.  If the court deems more appropriate plaintiff requests pursuant to Fed. R. Civ. P. Rule 64 Seize the real property at Lot 6, Twin Eagles, Naples, Florida (b) attachment or other method until final disposition of matters.

G.  Grant awards of enhanced compensation damages and all other legally permissible damages are appropriate.

H.  Grant awards of reasonable Attorney Fees as provided in this Rico Case, if plaintiff hires counsel and costs.  Plaintiff shall continue and intensify efforts to obtain proper and qualified legal counsel, even though Dominic reasonably believes they will prevail at trial.

I.  Grant awards of prejudgment and post judgment interest as permitted by law are appropriate.

J.  Grant awards for all special damages are appropriate requested.

K.  Grant the courts leave to amend complaint, if requested by plaintiff to join parties and supplemental claims if later requested.

L.  Conduct a jury trial on all claims triable.

M. Mr. Dominic complies with Fed. R. Civ. P. Rule 9.(g) demands the deed to this specific property 22 Dwinell Drive, Concord and Lot 6, Twin Eagles, Naples, as part of final resolution of these matters.  Plaintiff's mother Elaine Dominic and father John Hercules Dominic would want and believe appropriate part of justice for their son Steve and wife Kim to be able to reside at Lot 6, Twin Eagles in Naples, Florida as they see fit, with all furnishings, golf clubs, condo car, golf cart, left in place along with liquor cabinet stocked as it is today. Only when Elaine and John see Steve playing his first round of Golf with Goldman's prior friends now his, will justice be served, and they will rest in peace.

N. Grant other injunctive relief requested by plaintiff, before and during trial and at final disposition which the court deems appropriate as provided for RSA 358-A:10

O. Grant other beneficial relief the court deems appropriate in these matters.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a Trial by Jury on all claims Triable.  Pursuant to Rules 38 and 39 of Federal Rules of Civil Procedure


Date:  May 12, 2021

Respectfully Submitted,
STEVEN DOMINIC, Pro Se

_Pro Se_

Verified Complaint
36 East Main Street #600
Warner, NH  03278

39